UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO L. DOYLE,<br><br>        Plaintiff,<br><br>v.<br><br>VAEDRA ROSEMAN JONES, et al.,<br><br>        Defendants. | 3:13-CV-0540-LRH-WGC<br><br>ORDER |

Before the court is defendant the Fairfax County School Board's ("FCSB") motion to dismiss for lack of personal jurisdiction. Doc. #4.[1] Plaintiff Antonio L. Doyle ("Doyle") filed an opposition (Doc. #11) to which FCSB replied (Doc. #16).

**I.   Facts and Procedural History**

Plaintiff Doyle is a prisoner incarcerated in the state of Nevada. Doyle is also the biological father of his now adult daughter, Antonaya. Doyle, who was incarcerated before Antonaya's birth, alleges that Antonaya's mother, defendant Vaedra Roseman Jones, and step-father, defendant Damian C. Jones, hindered his ability to foster a relationship with Antonaya by moving to Virginia and enrolling her in school as Antonaya Jones and Antonaya Doyle-Jones.

On May 30, 2013, Doyle filed a complaint alleging that defendants engaged in acts hindering his ability to establish a relationship with his daughter. Doc. #1, Exhibit A. In particular,

---

[1] Refers to the Court's docket number.

Doyle alleges that defendant FCSB failed to change Antonaya's last name after being provided with his paternity documentation. *Id*. Thereafter, FCSB filed the present motion to dismiss Doyle's complaint for lack of personal jurisdiction. Doc. #4.

## II.     Legal Standard

A court may dismiss a complaint for lack of personal jurisdiction over the defendant. FED. R. CIV. P. 12(B)(2). Where a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden of demonstrating the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). A plaintiff makes a prima facie showing of personal jurisdiction by introducing competent evidence of essential facts which support jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see also Trump v. District Court*, 857 P.2d 740, 743 (Nev. 1993). Where, as here, the court receives only written materials, the plaintiff need only make a prima facie showing through its pleadings and affidavits that the exercise of personal jurisdiction over the defendant is proper. *Schwarzenegger*, 374 F.3d at 800. Although a plaintiff cannot simply rest on the bare allegations of its complaint, the uncontroverted allegations in the plaintiff's complaint are taken as true, and conflicts between the facts contained in the parties' affidavits are resolved in the plaintiff's favor. *Id*.

In order to establish personal jurisdiction, the plaintiff must show that the forum's long-arm statute confers personal jurisdiction over the out-of-state defendants and that the exercise of jurisdiction does not violate federal constitutional principles of due process. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. NRS § 14.065(1). Federal due process requires that a defendant "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted).

Personal jurisdiction over a nonresident defendant may be either general or specific. *Helicopteros Nationales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984). A court may exercise general jurisdiction over a defendant if the defendant's activities in the forum are either "substantial" or "continuous and systematic" such that the defendant's activities approach a "physical presence" in the forum, even if those contacts did not give rise to the action. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

In contrast, for a court to exercise specific jurisdiction, the action must arise out of the defendant's forum-related activities such that he can reasonably anticipate being haled into court. *Bancroft*, 223 F.3d at 1086. Specific jurisdiction is determined by analyzing the "quality and nature of the defendant's contracts with the forum state in relation to the cause of action." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The Ninth Circuit uses a three part test for personal jurisdiction: (1) the defendant must purposefully direct his activities to the forum state or purposefully avail himself of the privilege of conducting activities in the forum state; (2) the claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. *See Bancroft*, 223 F.3d at 1086; *Schwarzenegger*, 374 F.3d at 802.

**III.   Discussion**

In its motion to dismiss, FCSB argues that there its conduct is not sufficient to establish either general or specific personal jurisdiction in this action. *See* Doc. #4. The court agrees.

First, as to general personal jurisdiction, FCSB's contacts with Nevada are neither continuous and systematic nor substantial enough to approximate a physical presence in the state. FCSB is an independent political subdivision of the state of Virginia. It cannot and has not conducted any business in Nevada. Further, it does not maintain any office or employee in Nevada and all school board members must be residents of Fairfax County, Virginia. Therefore, the court finds that there is no general personal jurisdiction over FCSB in this action.

Second, the court finds that there is no specific personal jurisdiction over FCSB because it did not purposefully avail itself to conducting activities in Nevada. Purposeful availment requires

3

that the defendant exhibit some kind of affirmative conduct allowing or promoting business transactions within the forum state, thus invoking the benefits and protections of its law. *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958); *Decker Coal Co. V. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986).

Here, there is no act by FCSB that was aimed or directed at Nevada. Rather, FCSB's conduct in failing to change Antonaya's last name took place in and was aimed at Virginia and the Fairfax County schools. As such, FCSB did not engage in any intentional action expressly aimed at Nevada and, therefore, FCSB is not subject to specific personal jurisdiction in this action. Accordingly, the court shall grant FCSB's motion to dismiss for lack of personal jurisdiction.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of personal jurisdiction (Doc. #4) is GRANTED. Defendant Fairfax County School Board is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that plaintiff's motion for limited discovery (Doc. #12) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE