UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO L. DOYLE,<br><br>           Plaintiff,<br><br>vs.<br><br>FAIRFAX COUNTY SCHOOL BOARD,<br>VAEDRA ROSEMAN JONES and DAMIEN<br>C. JONES,<br><br>           Defendants. | 3:13-cv-00540-LRH-WGC<br><br>**ORDER**<br><br>re Plaintiff's Motion for Reconsideration of<br>Appointment of Counsel/Legal Assistance<br><br>Doc. # 39 |

    Before the court is Plaintiff's Motion for Reconsideration of Appointment of Counsel/Legal Assistance. (Doc. # 39.)[1] Plaintiff seeks the court to reconsider its order (Doc. # 32) denying his motion for appointment of counsel/legal consultant (Doc. # 25).

### Legal Standard for Reconsideration

    The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted). This inherent power is grounded "in the common law and it not abridged by the Federal Rules of Civil Procedure." *Id.*, at 887.

    While other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a

---

[1] Refers to the court's docket number.

motion to alter or amend judgment under Rule 59(e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278 at *1 (D.Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at *1-2 (D. Nev. 2010)). "A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." <u>Rizzolo</u>, 2010 WL 3636278 at *1 (citing *Frasure v. U.S.*, 256 F.Supp2d 1180, 1183 (D.Nev. 2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (3) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (quoting *United States Aviation Underwriters v. WesAir, LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL 1462707, at *2 (D.Nev. 2010) (internal citation omitted)).

## Analysis

Plaintiff does not provide the court any facts or law, particularly of a "strongly convincing nature," which suggests to the court why it should revisit its prior order. As was stated in the court's original order, counsel should only be appointed in "exceptional cases." (Doc. # 32 at 2.) To ascertain whether exceptional circumstances exist, the Plaintiff must demonstrate the likelihood of success. Plaintiff again has failed to demonstrate he will likely prevail in this matter. The other criteria the court noted was whether the Plaintiff has demonstrated an ability to articulate his claims. (*Id*.) Plaintiff's filings have shown Plaintiff has been able to adequately present his arguments to the court. His motion for reconsideration presents no new information relative to the standards for appointment of counsel. Accordingly, Plaintiff's motion (Doc. # 39) is **DENIED.**

Because pro se inmate filings are interpreted liberally, the court could consider Plaintiff's Motion for Reconsideration as a request for an extension of time to respond to Defendants' motion to dismiss (Doc. # 20). Plaintiff states he has been "temporarily" transferred to High Desert State Prison and represents that when "relocated back to Ely State Prison," he would have an inmate assistant who could assist him with his responses.

However, Senior District Judge Larry R. Hicks has already granted Plaintiff's earlier motion to extend time (Doc. # 37) to respond to Defendants' motion to dismiss (Doc. # 38). The new deadline for

2

1 | Plaintiff to respond is April 11, 2014. Even if Plaintiff's motion were to be so interpreted, the motion
2 | is moot in light of Judge Hicks' order.
3 | **IT IS SO ORDERED.**
4 | DATED: March 17, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3