UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| ANTONIO L. DOYLE,<br><br>    Plaintiff,<br><br>vs.<br><br>VAEDRA ROSEMAN JONES and DAMIEN C. JONES,<br><br>    Defendants. | 3:13-cv-540-LRH-WGC<br><br><u>ORDER</u> |

  Before the Court is Defendants Vaedra Roseman Jones ("Vaedra Jones") and Damien C. Jones' ("Damien Jones") (collectively "Defendants") Joint Motion to Dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Doc. #22.[1] Plaintiff Antonio L. Doyle ("Doyle") filed an Opposition. Doc. #50. Defendants did not reply.

**I. Factual and Procedural History**

  Plaintiff Doyle is a prisoner currently incarcerated in the state of Nevada. Doyle is also allegedly the biological father of his now adult daughter, Antonaya Doyle ("Antonaya").[2] Doyle alleges that Antonaya's mother, Vaedra Jones, and step-father, Damien Jones, hindered his ability to foster a relationship with Antonaya by moving to Virginia and enrolling her in school as Antonaya Jones and Antonaya Doyle-Jones, thereby preventing Doyle from finding and contacting Antonaya.

---

[1] Refers to the Court's docket number.

[2] Doyle was incarcerated before Antonaya's birth.

On May 30, 2013, Doyle filed a complaint alleging that Defendants intentionally engaged in acts to destroy his relationship with his daughter. Doc. #1-1. In particular, Doyle alleges that Defendants willingly and intentionally filed a fraudulent Affidavit of Paternity (the "Affidavit") with the Nevada Department of Health and Human Services ("NVHHS"), which listed Damien Jones as Antonaya's biological father to conceal Antonaya's true identity. *See id.* at 11; Doc. #50, Exhibit 3, p. 1. Doyle further alleges that the Affidavit was filed to purposefully hinder Doyle's ability to locate, communicate, and be involved in Antonaya's life and that Defendants' willful and deliberate destruction of his relationship with Antonaya caused him substantial emotional distress and mental anguish. *See* Doc. #1-1, p. 12.

In his Complaint, Doyle asserts five claims against Defendants: (1) fraud, (2) fraudulent misrepresentation, (3) fraudulent concealment, (4) interference with parental rights, and (5) emotional distress and mental anguish. Doc. #1-1. Thereafter, on February 7, 2014, Defendants filed the present Joint Motion to Dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Doc. #22.

**II.     Legal Standards**

   **A.  Personal Jurisdiction**

A court may dismiss a complaint for lack of personal jurisdiction over the defendant. FED. R. CIV. P. 12(B)(2). Where a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden of demonstrating the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). A plaintiff makes a prima facie showing of personal jurisdiction by introducing competent evidence of essential facts which support jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see also Trump v. District Court*, 857 P.2d 740, 743 (Nev. 1993). Where, as here, the court receives only written materials, the plaintiff need only make a prima facie showing through its pleadings and affidavits that the exercise of personal jurisdiction over the defendant is proper. *Schwarzenegger*, 374 F.3d at 800. Although a plaintiff cannot simply rest on the bare allegations of its complaint, the uncontroverted allegations in the plaintiff's complaint are taken as true, and conflicts between the

1  facts contained in the parties' affidavits are resolved in the plaintiff's favor. *Id*.

2  In order to establish personal jurisdiction, the plaintiff must show that the forum's long-
3  arm statute confers personal jurisdiction over the out-of-state defendants and that the exercise of
4  jurisdiction does not violate federal constitutional principles of due process. *Haisten v. Grass*
5  *Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). Nevada's long-arm
6  statute permits the exercise of jurisdiction on any basis consistent with federal due process.
7  NRS § 14.065(1). Federal due process requires that a defendant "have certain minimum contacts
8  with the forum state such that the maintenance of the suit does not offend traditional notions of
9  fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)
10 (internal quotations and citations omitted).

11 Personal jurisdiction over a nonresident defendant may be either general or specific.
12 *Helicopteros Nationales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984). A court may
13 exercise general jurisdiction over a defendant if the defendant's activities in the forum are either
14 "substantial" or "continuous and systematic" such that the defendant's activities approach a
15 "physical presence" in the forum, even if those contacts did not give rise to the action. *Bancroft*
16 *& Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

17 In contrast, for a court to exercise specific jurisdiction, the action must arise out of the
18 defendant's forum-related activities such that he can reasonably anticipate being haled into court.
19 *Bancroft*, 223 F.3d at 1086. Specific jurisdiction is determined by analyzing the "quality and
20 nature of the defendant's contacts with the forum state in relation to the cause of action." *Lake v.*
21 *Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The Ninth Circuit uses a three part test for personal
22 jurisdiction: (1) the defendant must purposefully direct his activities to the forum state or
23 purposefully avail himself of the privilege of conducting activities in the forum state; (2) the
24 claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of
25 jurisdiction is reasonable. *See Bancroft*, 223 F.3d at 1086; *Schwarzenegger*, 374 F.3d at 802.

26 **B.  Failure to State a Claim Upon Which Relief Can Be Granted**

27 Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for
28 failure to state a claim upon which relief can be granted. To survive a motion to dismiss for

1 failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2)
2 notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th
3 Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing
4 that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard
5 does not require detailed factual allegations; however, a pleading that offers "'labels and
6 conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.
7 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8 544, 555 (2007)).

9 Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
10 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,
11 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the
12 Court to draw the reasonable inference, based on the Court's judicial experience and common
13 sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility
14 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that
15 a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with
16 a defendant's liability, it stops short of the line between possibility and plausibility of entitlement
17 to relief." *Id.* at 678 (internal quotation marks and citation omitted).

18 In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as
19 true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation
20 of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*
21 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original)
22 (internal quotation marks omitted). The Court discounts these allegations because "they do
23 nothing more than state a legal conclusion—even if that conclusion is cast in the form of a
24 factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a
25 motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that
26 content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*
27 ///
28 ///

### III. Discussion

#### A. Personal Jurisdiction

In their motion to dismiss, Defendants argue that their conduct is not sufficient to establish either general or specific personal jurisdiction in this action. *See* Doc. #22. The Court agrees.[3]

First, as to general personal jurisdiction, Defendants' contacts with Nevada are neither continuous or systematic, nor substantial enough to approximate a physical presence in the state. Defendants are not residents of Nevada and do not conduct any business in Nevada. Doc. #22., p. 5. Nor do Defendants own any property or have any assets in Nevada. *Id.* Further, Doyle does not even assert in his complaint that this Court has general personal jurisdiction over Defendants. *See* Doc. #50. As such, the Court finds that there is no general personal jurisdiction over Defendants in this action.

Second, the court finds that it may not exercise specific personal jurisdiction over Defendants as Defendants do not have sufficient contacts with Nevada to anticipate being haled to court here. The only relevant contact Defendants had with Nevada occurred on September 17, 2001, when Defendants filed the Affidavit with the NVHHS. *See* Doc. #50, Exhibit 3. However, there is no indication that the Affidavit actually defrauded Doyle or interfered with his parental rights. Thus, the quality and nature of this isolated activity by Defendants nearly twelve (12) years prior to the commencement of this action is not sufficiently related to Doyle's causes of action to establish personal jurisdiction over Defendants.[4] Further, although Defendants were allegedly residents of Nevada at some point, the Court finds that it would be unreasonable to exercise jurisdiction over Defendants as neither Defendant has engaged in any forum-related

---

[3] Doyle concedes that the Court does not have jurisdiction over Count Two (2) of the Complaint, fraudulent misrepresentation, and the Court shall dismiss such claim pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Doc. #50, p. 1, n.1.

[4] Although Defendants do not raise the issue in their present motion, the Court finds that the relevant statutes of limitations would also warrant dismissal of Doyle's claims as Doyle did not file his claims within the mandatary two (2) and three (3) year time periods. *See* NEV. REV. STAT. ANN. § 11.190 (West 2013).

1  activities with Nevada for over ten (10) years. *See* Doc. #22, p. 6. Accordingly, the Court finds
2  that Nevada does not have general or specific personal jurisdiction over Defendants and their
3  motion to dismiss for lack of personal jurisdiction shall be granted.

4             **B.  Failure to State a Claim Upon Which Relief Can Be Granted**

5        Additionally, even if this Court were to have personal jurisdiction over Defendants, the
6  Court finds that Doyle fails to state a claim upon which relief can be granted. In their motion to
7  dismiss, Defendants assert that Doyle's Complaint is insufficient to state claims for fraud,
8  fraudulent concealment, tortious interference with parental rights, and intentional infliction of
9  emotional distress. As addressed below, the Court agrees.

10       *Fraud Based Claims*
11        Claims grounded in fraud must satisfy the heightened pleading requirements of Federal
12  Rule of Civil Procedure 9. *See* Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317
13  F.3d 1097, 1103-04 (9th Cir. 2003). Rule 9 provides: "[i]n alleging fraud or mistake, a party
14  must state with particularity the circumstances constituting fraud or mistake."
15  Fed. R. Civ. P. 9(b). An allegation of fraud must be "specific enough to give defendants notice of
16  the particular misconduct which is alleged to constitute the fraud so that they can defend against
17  the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d
18  727, 731 (9th Cir. 1985). Further, "[a]verments of fraud must be accompanied by 'the who, what,
19  when, where, and how' of the misconduct charged," *Vess*, 317 F.3d at 1106 (quoting *Cooper v.*
20  *Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).
21        In Nevada, to state a claim for fraud, a plaintiff must allege: "(1) a false representation,
22  (2) knowledge or belief that the representation was true, (3) intent to induce reliance on the
23  representation, (4) that the reliance must be justifiable, and (5) damages." *Goodwin v. Exec. Tr.*
24  *Servs., LLC*, 680 F. Supp. 2d 1244, 1254 (D. Nev. 2010) (citing *Lubbe v. Barba*, 540 P.2d 115,
25  117 (Nev. 1975). Moreover, to establish a claim for fraudulent concealment, a plaintiff must
26  allege:

27         (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a
          duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or
28         suppressed the fact with the intent to defraud the plaintiff . . .; (4) the plaintiff was

1      unaware of the fact and would have acted differently if she had known of the concealed or
2      suppressed fact; and (5) as a result of the concealment or suppression of the fact, the
       plaintiff sustained damages.

3  *Id.*

4      Here, the Court finds that Doyle has not pled facts sufficient to satisfy Rule 9's heightened
5  pleading requirements as to either of his fraud claims. Doyle's sole allegation is that Defendants
6  willingly and intentionally listed Damien Jones as Antonaya's biological father on the Affidavit
7  to conceal Antonaya's true identity. *See* Doc. #1-1, p. 11. However, Doyle does not allege that he
8  relied upon the false representations in the Affidavit, or that he relied on any other actions by
9  Defendants in trying to find Antonaya. Similarly, Doyle fails to allege with specificity the
10 remaining requisite elements which constitute fraud and/or fraudulent concealment, including
11 any recognizable damages. If Defendants did commit a fraudulent act by filing the Affidavit, that
12 fraud was not committed against Doyle. As such, the Court finds that Doyle has failed to
13 establish a claim for either fraud or fraudulent concealment.

14     *Interference with Parental Rights*

15     Nevada does not recognize a separate claim for interference with parental rights.
16 However, Nevada does recognize a cause of action when a custodial parent removes the child
17 from the state without consent from the noncustodial parent or court permission. *See* N.R.S.
18 125C.200 ("If custody has been established and the custodial parent intends to move . . . outside
19 of this state and to take the child with him or her, the custodial parent must . . . obtain written
20 consent of the noncustodial parent . . . [or] petition the court for permission to move the child.").

21     Here, however, Doyle has never established any parental rights of Antonaya by practice
22 or court order. *See* Doc. #22, p. 11-12 (stating that Doyle never declared paternity of Antonaya,
23 nor has a court granted such, and there has never been a paternity determination of Antonaya).
24 Further, even if Doyle were considered the noncustodial parent of Antonaya, Vaedra Jones'
25 failure to get Doyle or a court's permission before moving out of Nevada with Antonaya can only
26 be used as a factor if Doyle requested a change of custody. *See* NRS 125C.200 (stating that a
27 violation "may be considered as a factor if a change of custody is requested by the noncustodial
28 parent."). Moreover, Antonaya is now an adult so any parental rights over Antonaya that Doyle

1  may have had are effectively eliminated. Accordingly, the court finds that Doyle fails to state a
2  claim for interference with parental rights.

3     *Emotional Distress and Mental Anguish*

4     Doyle's final claim is one for "emotional distress and mental anguish." *See* Doc. #1-1,
5  p. 12. The court shall treat this claim as one for intentional infliction of emotional distress. To
6  establish a claim for intentional infliction of emotional distress, a plaintiff must show:
7  "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for,
8  causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional
9  distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d
10 882, 886 (Nev. 1999) (quoting *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981)). Extreme and
11 outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in
12 civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998). "A claim for intentional
13 infliction of emotional distress operates on a continuum: the less extreme the outrage, the greater
14 the need for evidence of physical injury or illness from the emotional distress." *Goodwin v. Exec.*
15 *Tr. Servs., LLC*, 680 F. Supp. 2d 1244, 1256 (D. Nev. 2010) (citing *Chowdhry v. NLVH, Inc.*,
16 851 P.2d 459, 462 (Nev. 1993)).

17    Here, the injuries Doyle alleges are legal conclusions cast in the form of factual
18 allegations of "mental and emotional injury" and "substantial injury." *See* Doc. #1-1, p. 10-12.
19 However, Doyle has failed to provide any allegations that suggest a recognizable physical injury
20 or illness as a result of his alleged mental distress. Further, Doyle has failed to allege facts that
21 plausibly suggest Defendants engaged in extreme or outrageous conduct that could be considered
22 outside the bounds of all decency. Without more, the Court finds that Doyle has failed to allege
23 sufficient factual matter to plausibly suggest severe or extreme emotional distress. Accordingly,
24 the court shall grant Defendants' motion to dismiss for failure to state a claim upon which relief
25 can be granted.
26 ///
27 ///
28 ///

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Dismiss (Doc. #22) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. #1-1) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 6th day of August, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE